# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CLEAR SKIES NEVADA, LLC**, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 15 C 6713<br>) |
| **DOES 1-24**, | )<br>) |
| Defendants. | )<br>) |
| **CLEAR SKIES NEVADA, LLC**, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 15 C 6715<br>) |
| **DOES 1-19**, | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Just last week (on July 31) this Court -- despite its material misgivings -- gave the go-ahead to the copyright infringement action brought by Clear Skies Nevada, LLC ("Clear Skies") in Case No. 15 C 5741 against all 14 of its "Doe" defendants who had allegedly participated in the "BitTorrent protocol" to gain pirated access to Clear Skies' copyrighted motion picture Good Kill. Those misgivings stem from this Court's view that the permissive joinder provisions of Fed.R. Civ. P. ("Rule") 20(a)(1)(A) do not extend nearly as far as is urged

by plaintiffs in the same position and making the same type of claim as that advanced by Clear Skies.[1]

Now the luck of the draw -- that is, this District Court's random assignment system -- has brought to this Court's calendar the two above-captioned actions by Clear Skies, Case No. 15 C 6713 against 24 Doe defendants and 15 C 6715 against 19 Doe defendants, with both involving the selfsame movie <u>Good Kill</u>. This Court has of course been well aware during its handling of earlier BitTorrent cases of the differing positions on the joinder of defendants in such actions among District Judges around the country, including this District Court. But until now it has been content, in the comparatively few such cases coming to its calendar, to rely on the analysis that was brought to its attention under extraordinarily serendipitous circumstances.[2] This current double assignment has now caused this Court to dig deeper, and this opinion is the result.

As stated earlier, the problem under consideration here has produced mixed results in District Courts around the country (see the specific discussion of the BitTorrent protocol in 4 Moore's Federal Practice § 20.05[3] at 20-38 to 20-38.2 (3d ed. 2015)). But a further probe into the jurisprudence on the issue has led this Court to the thoughtful and articulate opinion by Judge David Tatel (no surprise, that), speaking for a panel of the Court of Appeals for the District of

---

[1] In Case No. 15 C 5741 all 14 of Clear Skies' targeted "Does" were shown to have participated in the BitTorrent procedure during a 12-hour period on the same day. Although that long a time span appeared to pose a possible problem as to permissive joinder, it seemed to this Court that the better course was to go forward for the present, leaving the possibility that further exploration of the facts may lead to a narrowing of the targeted defender group.

[2] This Court has had occasion to recount those circumstances in earlier opinions on the BitTorrent subject, and there is no need to repeat them here.

- 2 -

Columbia Circuit in <u>AF Holdings, LLC v. Does 1-1,058</u>, 752 F.3d 990 (2014). Because Judge Tatel's perception of the meaning and purpose of the "same . . . series of transactions or occurrences" requirement of Rule 20(a)(1)(A) coincides with that held by this Court from the beginning, and because <u>AF Holdings</u> might well have been written for this case, this Court begs indulgence for the following lengthy quotation from the decision there (<u>id.</u> at 998) (most citations omitted)):

> According to AF Holdings, joinder of the 1,058 John Does it named in the underlying suit was at least presumptively proper because, given the properties of the BitTorrent file-sharing protocol the defendants allegedly used to download <u>Popular Demand</u>, each defendant was necessarily part of the same transaction or series of transactions. Some background on the nature of BitTorrent is necessary to understand this argument. As Judge Harold Baer, considering a case very much like this one, explained:
>
>> Simplified, BitTorrent and similar protocols break a large file into pieces while tagging each piece with a common identifier. Where in the normal course a user would download a file from a single source, and download it sequentially from beginning to end, with the BitTorrent peer-to-peer protocol, users join forces to simultaneously download and upload pieces of the file from and to each other. This reduces the bottleneck of Internet traffic that normally occurs at the server where the entire file is located and allows for faster download speeds for users. This interconnected web of information flowing between users, or peers, is called a swarm.
>
> <u>Media Products, Inc. v. Does 1-26</u>, No. 12 Civ. 3719, 2012 U.S. Dist. LEXIS 125366, at *4 (S.D.N.Y. Sept. 3, 2012). AF Holdings argues that because BitTorrent users who download the same file are part of the same "swarm," they have all participated in the same series of transactions.
>
> We are unconvinced. For purposes of this case, we may assume that two individuals who participate in the same swarm <u>at the same time</u> are part of the same series of transactions within the meaning of Rule 20(a)(2). In that circumstance, the individuals might well be actively sharing a file with one another, uploading and downloading pieces of the copyrighted work from the other members of the swarm.

But AF Holdings has provided no reason to think that the Doe defendants it named in this lawsuit were ever participating in the same swarm at the same time. Instead, it has simply set forth snapshots of a precise moment in which each of these 1,058 Does allegedly shared the copyrighted work -- snapshots that span a period of nearly <u>five months</u>. Two individuals who downloaded the same file five months apart are exceedingly unlikely to have had any interaction with one another whatsoever. Their only relationship is that they used the same protocol to access the same work. To paraphrase an analogy offered by amicus counsel at oral argument, two BitTorrent users who download the same file months apart are like two individuals who play at the same blackjack table at different times. They may have won the same amount of money, employed the same strategy, and perhaps even played with the same dealer, but they have still engaged in entirely separate transactions. And "[s]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." We therefore agree with those district courts that have concluded that the mere fact that two defendants accessed the same file through BitTorrent provides an insufficient basis for joinder [citing and quoting from some such cases].

This Court has accordingly scheduled the captioned lawsuits, each of which identifies Doe defendants whose participation in the BitTorrent protocol occurred during a period of a full month, for an early status hearing at 8:45 a.m. August 11, 2015. At that time Clear Skies' counsel will be expected to address the subject dealt with in this opinion.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 4, 2015